IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MIGUEL,<br><br>    Plaintiff,<br><br>  v.<br><br>KATIE YUE, et al.,<br><br>    Defendants. | Case No. 23-cv-06350-MMC<br><br>**ORDER GRANTING MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AFFORDING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Before the Court are three motions to dismiss plaintiff Joseph Miguel's ("Miguel") Amended Complaint ("AC"): (1) County of Alameda's ("the County") Motion to Dismiss, filed March 29, 2024, as amended April 8, 2024; (2) Steven Corral's ("Corral") Motion to Dismiss, filed May 15, 2024; and (3) Ivan Toscano ("Toscano") and Kenneth Evoniuk's ("Evoniuk") Motion to Dismiss, filed June 19, 2024. Miguel has filed opposition to the motions filed by the County and by Toscano/Evoniuk, and said defendants have filed replies thereto; Miguel has not filed opposition to Corral's Motion. Also before the Court is Miguel's "Motion for Default Judgment," filed June 26, 2024, to which the City of Union City ("the City"), the Union City Police Department ("UCPD"), Toscano, and Evoniuk (collectively, "Union City Defendants") have filed opposition.[1]

//

---

[1] In the same filing in which Miguel makes his motion, Miguel also responds to an order the Court filed on June 14, 2024, whereby the Court directed Miguel to show cause why his claims against Toscano and Evoniuk should not be dismissed for failure to timely serve them. By order filed June 21, 2024, however, the Court discharged the order to show cause, as Toscano and Evoniuk, in their motion to dismiss, acknowledge each had signed a waiver of service.

Having read and considered the above-referenced motions, the Court hereby rules as follows.[2]

**A. County's Motion to Dismiss**

The AC includes three Claims for Relief against the County, each of which, the County argues, is subject to dismissal. As set forth below, the Court agrees.

First, Miguel asserts against the County a claim under 42 U.S.C. § 1983, based on the allegation that Toscano and Evoniuk, who are "law enforcement officer[s]" with the UCPD (see AC ¶ 11), engaged in a "physical taking," in violation of the Fifth Amendment's Takings Clause, when they seized Miguel's "legal papers and USB hardware" during an "illegal search and seizure" (see AC ¶¶ 23.c, 23.d, 23.h). Miguel, however, fails to allege any facts to support his conclusory assertion that said officers were "employe[d]" by the County (see AC ¶ 10); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding courts are "not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted), and, in any event, Miguel fails to allege any facts to support a finding that Toscano and Evoniuk, when seizing Miguel's property, acted pursuant to a County policy or practice, see Monell v. Department of Social Services, 436 U.S. 658, 690 (1978) (holding "local government units" may be sued under § 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or the action is taken in conformity with a "governmental 'custom' even though such a custom has not received formal approval").

Next, Miguel asserts against the County a municipal liability claim, titled "Unconstitutional policy, custom, or procedure (Monell and Bane)," based on the allegation that the UCPD has a "de facto policy" of "failing to discipline, failing to investigate, and of retaining personnel who . . . engage in unlawful searches and

---

[2] By order filed June 14, 2024, the Court took the motions filed by the County and Corral under submission, and, by order filed July 19, 2024, the Court took the motions filed by Toscano/Evoniuk and Miguel under submission.

1  seizures" and "corrupt and destroy evidence."  (See AC ¶ 24.c.)  As set forth above,
2  however, Miguel fails to plead any facts to support his conclusory assertion that said
3  police officers were employed by the County, as well as any facts to support a finding that
4  Toscano and/or Evoniuk, when seizing Miguel's property, acted pursuant to a County
5  policy or practice, as opposed to a policy of the UCPD.  See Monell, 436 U.S. at 690; Cal.
6  Gov't Code § 815.2 (setting forth circumstances when, under state law, public entity is
7  liable for acts of entity's "employee").

8        Lastly, Miguel asserts against the County a claim for intentional infliction of
9  emotional distress ("IIED").  As the County correctly points out, the only individual
10  referenced in the AC who fairly can be described as a County employee is Corral, a
11  district attorney (see AC ¶ 9), and, consequently, the IIED claim against the County is
12  dependent on a showing that Corral is liable for intentionally inflicting emotional distress.
13  In that regard, Miguel alleges Corral engaged in misconduct during the course of
14  prosecuting two cases against him (see AC ¶15), by, for example, "refus[ing] to provide
15  an explanation to [Miguel] or [the superior court judge]" regarding "corrupted radio call
16  evidence" (see AC ¶ 15.c) and "ignoring" requests by Miguel to "investigate alleged
17  perjury" by the complaining witness (see AC ¶ 15.f).  Under § 821.6 of the Government
18  Code, however, Corral is immune from liability for such claims.  See Cal. Gov't Code
19  § 821.6 (providing "a public employee is not liable for injury caused by his instituting or
20  prosecuting any judicial . . . proceeding within the scope of his employment, even if he
21  acts maliciously and without probable cause"); Leon v. County of Riverside, 14 Cal. 5th
22  910, 924 (2023) (explaining where "officer has initiated an official proceeding, the officer
23  will enjoy immunity for that conduct under section 821.6, regardless of whether the
24  officer's conduct may include certain acts described as investigatory").  As Corral is
25  immune, the County likewise is immune.  See Cal. Gov. Code § 815.2(b) (providing "a
26  public entity is not liable for an injury resulting from an act or omission of an employee of
27  the public entity where the employee is immune from liability").
28        Accordingly, the County's motion to dismiss will be granted.

**B.  Corral's Motion to Dismiss**

The AC includes two Claims for Relief against Corral, each of which, Corral argues, is subject to dismissal.  As set forth below, the Court agrees.

First, Miguel asserts against Corral a claim under 42 U.S.C. § 1983, based on the theory that Corral, who as noted above was the district attorney in two cases brought against Miguel, engaged in a "[v]iolation of due process and [a] Brady violation" (see AC ¶ 25) by not "investigating claims by [Miguel]," such as not investigating the "credibility" of the complaining witness (see AC ¶ 25.c), and by not "provid[ing] exculpatory evidence" (see AC ¶ 25.d).  Corral is, however, entitled to absolute immunity as to such claims.  See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (holding prosecutors are entitled to absolute immunity as to claims brought under § 1983, where the challenged acts or omissions are "intimately associated with the judicial phase of the criminal process"); Broam v. Bogan, 320 F.3d 1023, 1030 (9th Cir. 2003) (holding prosecutor entitled to absolute immunity as to claims that he "knowingly" used "false testimony at trial" and "deci[ded] not to preserve or turn over exculpatory material before trial, during trial, or after conviction").

Next, as set forth above, Miguel asserts a claim for IIED against Corral.  For the reasons stated above with respect to the County, however, Corral is entitled to immunity.

Accordingly, Corral's motion to dismiss will be granted.

**C.  Toscano and Evoniuk's Motion to Dismiss**

The AC includes three Claims for Relief against Toscano and Evoniuk, each of which, they argue, is subject to dismissal.  As set forth below, the Court agrees.

First, Miguel asserts against Toscano and Evoniuk a claim under 42 U.S.C. § 1983, based on the allegation that they engaged in a "physical taking," in violation of the Fifth Amendment's Takings Clause, when they seized Miguel's "legal papers and USB hardware" during an "illegal search and seizure."  (See AC ¶¶ 23.c, 23.d, 23.h.)  A Takings Clause claim, however, requires a showing that the government took private property "for public use," meaning the government "acted in pursuit of a valid public

1  purpose," see Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 543 (2005), and, here, Miguel
2  alleges the seizure occurred during an illegal search and seizure, meaning the property
3  was not taken for a public use, see id. (explaining Takings Clause is inapplicable where
4  "government action is found to be impermissible"); Mateos-Sandoval v. County of
5  Sonoma, 942 F. Supp. 2d 890, 912 (N.D. Cal. 2013) (holding property seized in violation
6  of Fourth Amendment is not taken "for public use").

7  Next, Miguel asserts against Toscano and Evoniuk the same municipal policy
8  claim he asserts against the County, i.e., the claim titled "Unconstitutional policy, custom,
9  or procedure (Monell and Bane)."  (See AC ¶ 24.)  A municipal liability claim, however,
10 may only be asserted against a municipality and not individuals.  See, e.g., Loggins v.
11 Las Vegas Metropolitan Police Dep't, 2015 WL 770438, at *5 (D. Nev. February 25,
12 2015) (holding municipal liability claim asserted against individuals employed by
13 municipality is "not cognizable"); see also Acevedo v. City of Farmersville, 2019 WL
14 3003996, at *12 (E.D. Cal. July 10, 2019) (dismissing municipal liability claim to extent
15 asserted against "non-municipal defendants").

16 Lastly, Miguel asserts a claim for IIED against Toscano and Evoniuk.  Miguel fails
17 to plead, however, that, prior to filing suit, he presented a claim to the City, the public
18 entity by which they are employed.  As state law claims against individual employees of a
19 municipality are barred unless the plaintiff has "presented" those claims to the
20 municipality "before commencing suit," see Karim-Panahi v. Los Angeles Police Dep't,
21 839 F.2d 621, 627 (9th Cir. 1988), and Miguel fails to allege he submitted such a claim to
22 the City, the IIED claim as asserted against Toscano and Evoniuk is subject to dismissal,
23 see id. (affirming dismissal of state law claims, where plaintiff "fail[ed] to allege
24 compliance with California tort claim procedures").[3]

25 Accordingly, Toscano and Evoniuk's motion to dismiss will be granted.

---

[3] To the extent Miguel's municipal liability claim is brought under state law, it is, in addition to the reason stated above, subject to dismissal on this ground as well.

**D. Miguel's Motion for Default Judgment**

Miguel argues that entry of default judgment is appropriate as to the Union City Defendants, for the asserted reason that none of those defendants filed a timely response to the AC. As set forth below, the Court disagrees.

First, entry of default is a prerequisite to entry of default judgment, see Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (describing "two-step process required by Rule 55" as first obtaining entry of default by clerk, and, second, seeking default judgment from court), and the Clerk has not entered, nor has it been asked to enter, the default of any of the Union City Defendants. Moreover, at this stage of the proceedings, entry of default would be improper, as the docket reflects that, on April 19, 2024, the City and UCPD filed an answer to the AC, and that, on June 19, 2024, Toscano and Evoniuk filed the above-described motion to dismiss. In other words, as of today's date, none of the Union City Defendants "has failed to plead or otherwise defend"; consequently, Miguel cannot show he is entitled to entry of default. See Fed. R. Civ. P. 55(a); see also, e.g., Wofford v. Bracks, 2015 WL 10793981, at *1 (C.D. Cal. August 13, 2015) (explaining, "default may not be entered once a defendant has answered," even where response is "filed late") (citing cases).

Accordingly, Miguel's motion for default judgment will be denied.

**CONCLUSION**

For the reasons stated above, the motions to dismiss filed on behalf of the County, Corral, Toscano, and Evoniuk are hereby GRANTED, and Miguel's motion for default judgment against the Union City Defendants is hereby DENIED.

If Miguel wishes to file a Second Amended Complaint for purposes of amending his claims against the County, Corral, Toscano and/or Evoniuk, he shall file such amended pleading no later than August 9, 2024. If Miguel elects to amend, however, he may not add any new defendants or new claims without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2). In the event Miguel elects not to amend, the above-titled action will proceed on the remaining claims in the AC, specifically, Miguel's claims

6

against the City, UCPD, and Katie Yue.

**IT IS SO ORDERED.**

Dated: July 22, 2024

MAXINE M. CHESNEY
United States District Judge