IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MIGUEL,<br><br>    Plaintiff,<br><br>  v.<br><br>KATIE YUE, et al.,<br><br>    Defendants. | Case No. 23-cv-06350-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE; GRANTING UNION CITY'S MOTION FOR JUDGMENT ON PLEADINGS; AFFORDING PLAINTIFF LIMITED LEAVE TO AMEND; VACATING HEARING** |

Before the Court is the "Rule 12(c) Motion for Judgment on the Pleadings," filed August 16, 2024, by defendants City of Union City and Union City Police Department's (collectively, "Union City"). On September 7, 2024, plaintiff Joseph Miguel ("Miguel"), who proceeds pro se, filed a "Motion for Continuance." Having read and considered the above-referenced papers filed by the parties, the Court deems the matters suitable for decision thereon, VACATES the hearing scheduled for September 27, 2024, and rules as follows.

1. Miguel's motion for a continuance is hereby DENIED. According to plaintiff, he cannot "properly respond" to Union City's motion until Union City "completes their investigation into how evidence got corrupted." (See Pl.'s Mot. at 1.)[1] Although Miguel's motion does not clearly indicate why the results of any such investigation would have any bearing on Union City's motion, an exhibit attached to Miguel's motion, namely, an email

---

[1] Under the Local Rules of this District, any opposition to Union City's motion was due no later than August 30, 2024. See Civil L.R. 7-3(a) (providing opposition to motion "must be filed and served not more than 14 days after the motion was filed"). The Court thus construes Miguel's motion for a continuance as seeking a continuance of the deadline to file opposition to Union City's motion.

1  he sent to a deputy district attorney at a time when a criminal proceeding against him was
2  pending, states the "corrupted" evidence is a "radio call" and asserts a "working copy"
3  thereof might show that police officers who went to his home on one occasion "were
4  there longer than what the current evidence provided suggests."  (See Pl.'s Mot. at 19.)[2]
5  Union City's motion, however, challenges only the sufficiency of the allegations in the
6  Amended Complaint ("AC"), which the Court assumes are true, not whether Miguel can
7  prove any allegation made therein.  See Dworkin v. Hustler Magazine, Inc., 867 F.2d
8  1188, 1192 (9th Cir.1989) (holding Rule 12(c) motion is subject to "same standard" as
9  applicable to motion to dismiss brought under Rule 12(b)(6)); NL Indus., Inc. v. Kaplan,
10 792 F.2d 896, 898 (9th Cir. 1986) (holding, for purposes of determining whether
11 defendant is entitled to dismissal under Rule 12(b)(6) for failure to state claim, district
12 court "must accept as true all material allegations in the complaint and construe them in
13 the light most favorable to [the plaintiff]").

14      2.  Union City's motion for judgment on the pleadings is hereby GRANTED, as
15 follows:

16      a.  The claim set forth in ¶ 23 of the AC, which claim is titled "42 U.S.C. § 1983
17 – Violation of 5th Amendment," and which is based on an allegation that two Union City
18 police officers engaged in a "physical taking" by improperly seizing property from Miguel's
19 home, is hereby DISMISSED.  As set forth in the Court's order, filed July 22, 2024, by
20 which the Court dismissed said claim to the extent alleged against the two officers, a
21 Takings Clause claim requires a showing that the government took private property "for
22 public use," meaning the government "acted in pursuit of a valid public purpose," see
23 Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 543 (2005), and, here, Miguel alleges the
24 seizure occurred during an illegal search and seizure, meaning the property was not
25 taken for a public use, see id. (explaining Takings Clause is inapplicable where

---

[2] In citing to said exhibit, the Court has used herein the page number affixed to the top of each page by this district's electronic filing program.

2

1   "government action is found to be impermissible"); Mateos-Sandoval v. County of
2   Sonoma, 942 F. Supp. 2d 890, 912 (N.D. Cal. 2013) (holding property seized in violation
3   of Fourth Amendment is not taken "for public use").  Where "there is no constitutional
4   violation, there can be no municipal liability." Villegas v. Gilroy Garlic Festival Ass'n, 541
5   F.3d 950, 957 (9th Cir. 2008) (finding plaintiff could not prevail against city on § 1983
6   claim, where city employee did not deprive plaintiff of alleged federal right).
7        b.  The claim set forth in ¶ 24 of the AC, which claim is titled "Unconstitutional
8   policy, custom, or procedure (Monell and Bane)," and which is based on alleged
9   deprivations of plaintiff's First and Fourth Amendment rights, is hereby DISMISED.
10       (1)  To the extent the claim is based on a violation of the First Amendment,
11  the claim fails, as the AC includes no facts to support a finding that Union City or any of
12  its employees deprived Miguel of a right under the First Amendment.
13       (2)  To the extent the claim is based on a violation of the Fourth
14  Amendment, the claim fails.  Although the AC includes facts to support a finding that the
15  above-referenced two police officers violated said Amendment by, on one occasion,
16  entering the curtilage of Miguel's home without a warrant or consent, and, on another
17  occasion, entering the home without a warrant or consent (see AC ¶¶ 16, 23.f), the AC
18  includes no facts to support the conclusory assertion that said allegedly unlawful behavior
19  occurred pursuant to a municipal policy, custom, or procedure, see AE ex rel. Hernandez
20  v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (holding, at pleading state, plaintiff
21  asserting municipal liability claim must allege "plausible facts" to identify "policy or
22  custom").
23       (3)  To the extent the claim, by referencing "Bane," is brought under state
24  law, the claim fails for the reasons stated above, and for the additional reason that Miguel
25  does not allege he "presented" such claim to Union City "before commencing suit."  See
26  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988) (affirming
27  dismissal of state law claim, where plaintiff "fail[ed] to allege compliance with California
28  tort claim procedures").

   c. The claim set forth in ¶ 26 of the AC, which claim is titled "Intentional Infliction of Emotional Distress," is subject to dismissal, as Miguel does not allege he "presented" such claim to Union City prior to filing the instant action. See id.

  Lastly, if Miguel wishes to file a Second Amended Complaint for the limited purpose of amending any of his claims against Union City, he shall file such amended pleading no later than October 4, 2024. If Miguel elects to amend, however, he may not add any new defendants or new claims without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2). In the event Miguel elects not to amend, the above-titled action will proceed on the remaining claims in the AC, specifically, his claims against Katie Yue.

**IT IS SO ORDERED.**

Dated: September 13, 2024

MAXINE M. CHESNEY
United States District Judge